Louis GASTON, Appellant,

v.

UNITED STATES, Appellee.

No. 81–502.

District of Columbia Court of Appeals.

Argued Feb. 18, 1982.

Decided March 29, 1982.

---

Gerald J. Laporte, Washington, D. C., with whom Timothy N. Black, Washington, D. C., was on the briefs, for appellant.

Helen M. Bollwerk, Asst. U. S. Atty., with whom Charles F. C. Ruff, U. S. Atty., Washington, D. C., at the time the brief was filed, John A. Terry, Joseph B. Valder, and Michael W. Farrell, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and BELSON, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted by a jury of one count of rape, D.C.Code 1973, § 22–2801, and sentenced to three to nine years' imprisonment.[1] He claims on appeal that the trial court erred in denying his motion to vacate sentence or in the alternative for new trial based on the alleged ineffective assistance of counsel. We affirm.

I

Appellant was charged with rape and received court-appointed counsel. Following preliminary matters on the morning of trial, counsel informed the court that appellant had just advised him that he wanted a new attorney. The court questioned appellant to ascertain the reason for his dissatisfaction with counsel. His complaints were based on his perception of trial counsel's lack of preparation. Thereafter, the court denied appellant's request.

At trial, consent and credibility were the key issues. The evidence established that the complainant and appellant, who were strangers, met on the street in the early morning hours of November 20, 1975, in the vicinity of Ninth Street and Florida Avenue, N.W. Sometime later, there was an act of sexual intercourse between the parties in appellant's small car. When appellant drove complainant to her home, she immediately called the police who arrested appellant in the area.

---

1. The trial court suspended execution of the sentence and placed appellant on probation for eighteen months. He completed his probation in 1978.

The complainant testified that she had been out with a girlfriend, that she was trying to catch a cab when appellant drove up and forced her into his car. After riding around Washington, D. C., while appellant "talked crazy," she was abused, beaten and raped. She gave the police part of the tag number of appellant's car, as well as other descriptions.

Appellant testified that he had taken a couple of turns through "the strip" when he observed complainant leaving another car. He claimed that she entered his car voluntarily, solicited him and negotiated a price. He stated that they drove around for some time and then engaged in unsatisfactory, but consensual, intercourse. Before driving her home, appellant tricked her into giving him his money back and made an arrangement for a further encounter in her home.

Government witnesses included persons who observed complainant's disheveled appearance shortly after the incident, persons who observed complainant's bruises, and the physician who examined her at D. C. General Hospital on the morning after the rape. The physician testified that she was unconscious for two hours. Torn clothing, items of complainant's jewelry found in appellant's car and photographs were introduced into evidence. The jury also viewed appellant's car which had a broken front seat brace.

Defense witnesses corroborated appellant's activities earlier in the evening as well as his statement that the car seat had been broken long before the night in question.

The jury found appellant guilty as charged. After judgment, appellant, through trial counsel, noted an appeal in which he raised, *inter alia*, a claim of ineffective assistance of counsel. Trial counsel was permitted to withdraw and new counsel was appointed. A motion was filed thereafter in Superior Court to "Vacate Sentence or in the Alternative, for a New Trial" (hereinafter motion for new trial).

Appellate counsel took this action so that the record could be supplemented to provide more meaningful appellate review of the Sixth Amendment claim.

A series of hearings on appellant's motion were held before the trial court. Almost all of the testimony given at the hearings concerned trial counsel's lack of pretrial preparation and investigation. Specifically, appellant's counsel produced witnesses who were not called at trial—a metallurgist and two physicians (one of whom was a pharmacologist) who gave testimony that might have cast some doubt on the credibility of the complainant's story at trial. The metallurgist testified that appellant's car seat was broken in two stages, and as little as fifty pounds of pressure might have caused the final break in the seat.[2] He could not determine when either of the breaks had occurred. The physicians testified as to the complainant's blood alcohol level at the time she was admitted to D. C. General Hospital, several hours after the rape occurred. Her elevated blood alcohol level suggested that she was extremely intoxicated at the time of the rape. At the close of all of the testimony, the motion was taken under advisement by the trial judge.

Meanwhile, appellant requested and received from this court numerous extensions of time for filing his brief in the appeal of his conviction to await the trial court's decision on his motion. Finally, when the trial court's disposition of the motion was further delayed, this court ordered both parties to file their briefs.

With the motion for new trial still pending in the trial court, a panel of this court heard oral argument on appellant's direct appeal and issued an unpublished decision affirming the conviction. *Gaston v. United States*, No. 11536 (D.C.App. Sept. 24, 1979, rehearing & rehearing en banc denied, Oct. 22, 1979). The panel rejected appellant's argument that the trial court's inquiry into his pretrial claim of ineffective assistance of counsel was inadequate under *Monroe v.*

---

**2.** The complainant, a 150-pound woman, had testified at trial that the seat broke during a struggle with appellant.

*United States*, D.C.App., 389 A.2d 811, *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978). The panel ruled that its affirmance was "without prejudice to a ruling in the pending proceedings before the trial court."

Ultimately, on March 24, 1981, the trial court issued its decision, denying appellant's motion for new trial after concluding that appellant was not denied the effective assistance of counsel. This appeal followed.[3]

## II

Appellant contends that the trial court erred in denying his motion for new trial. Specifically, he asserts that the cumulative effect of trial counsel's deficiencies denied him the effective assistance of counsel. Moreover, he contends that this court should review his claim using the standard of *Monroe v. United States, supra.*

In his motion for new trial and on appeal, appellant cited the following examples of trial counsel's ineffective assistance: counsel failed to elicit appellant's version of the events in question until four months after he had been appointed; counsel's failure to consult adequately with his client contributed to his failure to locate potentially exculpatory witnesses and important physical evidence relating to the defense of consent (discarded prophylactics); counsel failed to interview potential government witnesses as well as important government witnesses who did testify, such as the complainant; counsel was spoon-fed information by the prosecutor; counsel failed to seek expert determination as to the cause of the break of appellant's car seat; counsel failed to pursue medical evidence that complainant was intoxicated causing her to black out at the hospital; and, counsel failed to investigate the complainant's reputation for chastity.[4]

Our standard of review of claims of ineffective assistance of counsel depends on when the claim is raised—if raised pretrial, we employ the standard of review set forth in *Monroe v. United States, supra*; if made posttrial, we use the standard articulated in *Bruce v. United States*, 126 U.S.App.D.C. 336, 379 F.2d 113 (1967), adopted by this court in *Angarano v. United States*, D.C. App., 312 A.2d 295 (1973), *rehearing en banc denied*, 329 A.2d 453 (1974).

*Monroe* requires the trial judge to make an appropriate inquiry into claims of ineffective assistance of counsel raised pretrial to determine whether defense counsel is prepared to provide representation that is "within the range of competence demanded of attorneys in criminal cases." *Monroe v. United States, supra* at 816 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 & n.14, 90 S.Ct. 1441, 1449 & n.14, 25 L.Ed.2d 763 (1970)). If defense counsel's representation falls below that standard, the defendant is entitled to new counsel. Even if it cannot be said that the defendant has been deprived of representation within the range of competence demanded of attorneys in criminal cases, the trial court still has discretion to appoint new counsel. *Id.* at 822.

In reviewing claims of ineffective assistance of counsel raised post-trial, we apply the *Angarano/Bruce* standard which requires the appellant to show that "there has been gross incompetence of counsel and that this has in effect blotted out the essence of a substantial defense." *Angarano v. United States, supra* at 298 n.5. Obviously, this is a more stringent standard of review.

■ Appellant argues that his claim of ineffective assistance of counsel should be judged under the *Monroe* standard since his claim concerns counsel's pretrial preparation, or lack thereof. We disagree. The *Monroe* standard applies only to the trial judge's determination, made before trial commences, of a claim of pretrial ineffec-

---

3. Appellant moved to consolidate this appeal with his already-decided direct appeal. The motion was denied. This court did, however, order that the record filed in the direct appeal

be deemed part of the record for the purposes of the present appeal.

4. At the time of trial, such evidence was admissible.

tive assistance of counsel. Appellant's claim that the trial court erred in refusing to appoint new counsel before trial was decided adversely to him on direct appeal. There, we determined that the trial court made an appropriate *Monroe* inquiry and did not err in denying appellant's request for new counsel. The instant appeal, although dealing in part with allegations of counsel's ineffective assistance pretrial, involves a post-trial review of counsel's performance both before and during trial, after a supplemental hearing at which appellant was represented by new counsel. As we stated in *Monroe*, there are considerations present before trial, not present post-trial, which mandate a more lenient standard of review.

> A defendant's assertion of a pretrial claim of ineffectiveness presents the trial judge with the opportunity to take steps to eliminate any deficiencies in the representation of counsel before the resources of the judicial system have been invested in a full-blown trial. In such situations, trial judges may deter ineffective defense advocacy at the outset and eliminate the advantage gained therefrom by the government to the detriment of our adversary system of justice. The disposition of such claims, raised pretrial, may serve as an alternative to the traditional post-conviction focal point for control of the quality of defense advocacy, and may serve to minimize or expedite the disposition of the number of ineffective assistance claims.... [*Monroe v. United States, supra* at 818-19.]

These considerations do not apply in a case where, as here, appellant has already received adequate consideration of his pretrial claims of ineffective assistance of counsel. Although appellant's present claim concerns in part trial counsel's inadequate pretrial preparation, appellant, who has been convicted and has had a supplemental hearing on his motion for a new trial, is now in the same position as any appellant who raises a claim of ineffective assistance of counsel post-trial. Therefore, the concerns which mandate a more stringent review of post-trial claims of ineffec-

tive assistance of counsel—finality, avoidance of evaluation by hindsight and prevention of the danger that convicted defendants would profit from the tactical mistakes of counsel by getting a second chance at acquittal—*id.* at 818—apply.

In its decision denying appellant's motion for a new trial, the trial court stated, "... [W]hether the standard is 'gross incompetence' under *Angarano* or failure to perform within the 'range of competence' under *[McMann v.] Richardson,* counsel met the standard. Further, whatever deficiencies there may have been did not have [a] significant effect on the defense." We need not decide whether counsel was grossly incompetent because we agree with the trial court that on this record, appellant has not shown that counsel's alleged failure to prepare or adequately investigate blotted out the essence of his consent defense. Neither the medical evidence concerning the complainant's blood alcohol level, nor expert testimony concerning the cause of the two breaks in appellant's car seat constitute highly credible evidence that would have seriously impeached the complainant's credibility or her version of the rape. *Cf. Johnson v. United States,* D.C.App., 413 A.2d 499 (1980) (trial counsel's failure to investigate favorable medical report and to seek to obtain a copy of the report and to secure and present the testimony of the doctor himself in prosecution for taking indecent liberties blotted out the essence of a substantial defense). Nor did counsel's failure to locate unknown witnesses and failure to interview all potential government witnesses evidence prejudice to the defense. Furthermore, there is no evidence of record which tended to show that an investigation into the complainant's reputation for unchaste behavior would have been fruitful. Therefore, we hold that the trial court did not err in denying appellant's motion for a new trial.

*Affirmed.*